Bryant WELCH, Appellant,

v.

BFI INDUSTRIES, INC., Respondent.

No. ED 85556.

Missouri Court of Appeals, Eastern District, Division Two.

May 24, 2005.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 18, 2005.

Application for Transfer Denied Aug. 30, 2005.

Ray A. Gerritzen, Louis, MO, for appellant.

Kevin M. Leahy, St. Louis, MO, for respondent.

Before PATRICIA L. COHEN, P.J., KATHIANNE KNAUP CRANE, J., and ROBERT G. DOWD, JR., J.

### ORDER

PER CURIAM.

In this workers' compensation case, Bryant Welch ("Claimant") sought an increase in his disability and future medical benefits on the ground that his physical condition had worsened since the time of the original award of the Administrative Law Judge ("ALJ") in February 2001. After a hearing, the Labor and Industrial Relations Commission ("Commission"): (1) increased Claimant's permanent partial disability benefits by two and one-half weeks, but declined to award permanent total disability benefits; and (2) adopted the ALJ's original award providing for future medical care "to relieve the effects of the accident to his left foot to include fusion surgery, with pins and grafting, within the next ten years, custom made shoes, and orthotics, by medical providers selected by the employer." Claimant appeals, asserting that the Commission's denial of permanent total disability benefits and limitation on future medical care are not supported by substantial evidence and are contrary to the overwhelming weight of the evidence.[1]

---

1. We do not reach the claim of Respondents,     BFI Industries, Inc., and Custard Claims

We have reviewed the briefs of the parties and the record on appeal. Because we find that the Commission's denial of permanent total disability benefits is supported by the evidence and that the Commission's award of future medical benefits, when reasonably construed, does not improperly limit Claimant's future medical care, we affirm. *Hampton v. Big Boy Steel Erection,* 121 S.W.3d 220, 222–23 (Mo. banc 2003). An extended opinion restating the principles of law applicable to this case would have no precedential value. We have, however, provided a memorandum for the use of the parties only setting forth the reasons for our decision.

We affirm the award pursuant to Rule 84.16(b).